FILED

2010 SEP 30 AM 10: 42

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Fort Myers Division)

Case Number _____

PATRICIA CALDERON, n/k/a
Patricia Collver,

2:10-cv-602-FtM-29DNF

    Plaintiff,

vs.

LFC MANAGEMENT SERVICES,
INC.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

Plaintiff, Patricia Calderon, n/k/a Patricia Collver, sues defendant, LFC Management Services, Inc., and alleges:

### Introduction

1. This is an action brought pursuant to and arising under the Equal Pay Act, 29 U.S.C. § 206(d) for unequal pay, as well as under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended, for sex discrimination, and under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., for age discrimination. Plaintiff sues for all available legal and equitable relief, including but not limited to back wages, front pay or



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL 33301 • 954.462.1983

reinstatement, liquidated damages, compensatory damages, punitive damages, injunctive relief, attorneys' fees and litigation expenses.

## Jurisdiction

2. This court has federal-question jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

## Venue

3. The cause of action arose in Immokalee, Collier County, Florida and venue is proper in the Fort Myers Division of the United States District Court for the Middle District of Florida.

## Parties

4. Patricia Calderon, n/k/a Patricia Collver, ("Calderon" or "plaintiff") was at all material times an "employee" of defendant LFC Management Services, Inc. as contemplated by the EPA in 29 U.S.C. § 203(e)(1), Title VII in 42 U.S.C. § 2000e(f) and the ADEA in 29 U.S.C. § 630(f). Plaintiff is protected by:

    a. the EPA and Title VII because she is female; and

    b. the ADEA because she is over 40 years of age.

5. LFC Management Services, Inc. ("LFC" or "defendant") is a Florida corporation that does business and maintains agents and employees in Immokalee, Collier County, Florida. LFC Management Services, Inc. employs the management and administrative staff for a group of produce companies controlled by the Lipman family, which companies are engaged in farming,

packing, selling and distribution of produce throughout North America. Defendant is:

    a.    an "employer" under the EPA as defined by 29 U.S.C. § 203(d);

    b.    an enterprise engaged in commerce as defined by the EPA in 29 U.S.C. § 203(s)(1);.

    c.    an "employer" under Title VII as defined by 42 U.S.C. § 2000e(b); and

    d.    an "employer" under the ADEA as defined by 29 U.S.C. § 629(b).

**Conditions Precedent**

6. On or about December 23, 2009, plaintiff filed a charge of discrimination with the EEOC. On September 13, 2010, the EEOC issued a Dismissal and Notice of Rights, within ninety (90) days of which plaintiff has filed this action.

7. All other conditions precedent to the bringing of this action, if any, either have been performed or have been waived.

**General Allegations**

8. Plaintiff was hired by defendant as Administrative Coordinator of Custom Pak, Inc., a subsidiary company, on September 2, 1999, promoted to Operations Administrator in 2001, to Food Safety and Risk General Manager of

defendant on April 3, 2004 and then to Director of Food and Risk Safety on February 6, 2008. She was terminated February 27, 2009.

9. During the period from September 21, 2007 to the present time, defendant, LFC, had employees subject to the provisions of Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206, in the establishment in which LFC employed plaintiff.

10. Calderon's responsibilities included, but were not limited to:

 a. Monitoring, conducting and coordinating the farming, packing and re-packing divisions' safety, training, emergency preparedness and environmental programs in compliance with federal, state and local safety and occupational health regulations, as well as industry standards; and

 b. Monitoring workers' compensation, automobile liability and property damage claims.

11. During the three-year period immediately preceding the filing of this action, defendant paid plaintiff at rates less than defendant paid employees of the male sex, including re-packing operations managers and/or location site managers, and other men with the title "Director," who received more in base salary, benefit packages and annual bonuses than plaintiff, although plaintiff's job required equal or greater skill, effort and responsibility and was performed under similar working conditions as that of the men. Plaintiff's comparators include, but are not limited to Albert Green, Dan Vega, Jeff Bennett, Brian Rose,

Don Martin, Bob LaMere, Paul Peek, Marc Danner, Anthony Smith, Jerry Just, Filindo Colas and Thomas Colas, Scott Van Loo and David Cockrell.

12. Moreover, the difference in the rates paid to plaintiff, as compared with those paid to employees of the male sex, as aforesaid, was not a part of, and was not occasioned by, any seniority, merit, or piecework system, but was based solely on the factor of sex.

13. On February 27, 2009, plaintiff was terminated, allegedly as part of a restructuring. All of plaintiff's job duties were assumed by younger, male employees.

### Count I: Violation of the Equal Pay Act

14. Plaintiff realleges the matters set forth in paragraphs 1 through 3, 4.a., 5.a, 5.b., and 7 through 12 above.

15. As the result of defendant's conduct as more particularly described in paragraphs 11 and 12 above, plaintiff has lost wages and has incurred and will incur attorneys' fees and costs in connection with the bringing of this action.

16. The actions of defendant violated plaintiff's rights under the EPA, and particularly under 29 U.S.C. § 206(d), giving rise to her right to bring this action pursuant to 20 U.S.C. § 216(b).

17. Defendant's violation of plaintiff's rights under 29 U.S.C. § 206(d) were willful.

18. Plaintiff, if she prevails, is entitled to be awarded in addition to a judgment, the costs of the action, including a reasonable attorneys' fee.

### Prayer for Relief

WHEREFORE, Plaintiff, Patricia Calderon, prays that this court will grant judgment:

a. permanently enjoining defendant LFC Management Services, Inc., its officers, agents, servants, employees and all other persons in active concert or participation with it from violating the provisions of the EPA, particularly 29 U.S.C. § 206(d)(1);

b. restraining the withholding of payment of compensation found by the court to be due Calderon under the EPA and awarding her a judgment for wages lost for a period of three years prior to the commencement of this action in accordance with 29 U.S.C. § 217;

c. awarding an additional equal amount as liquidated damages in accordance with 29 U.S.C. § 216(b);

e. awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to 29 U.S.C. § 216 (b); and

f. granting such other and further relief as is just.

### Count II - Title VII - Disparate Pay

19. Plaintiff realleges the matters set forth in paragraphs 1 through 3, 4.a., 5.c, 6 through 8 and 10 through 12 above.

20. Defendant paid plaintiff less than defendant paid men for doing comparable work under comparable conditions.

21. Defendant's paid plaintiff less than defendant paid men because of plaintiff's sex: female. Indeed, defendant systemically paid women less than it paid men for comparable work under comparable conditions, which evidences the motivation for its disparate treatment of plaintiff.

22. The actions of defendant violated plaintiff's rights under Title VII.

23. As the result of defendant's conduct as more particularly described in paragraphs 11, 12, 20 and 21 above, plaintiff has suffered both economic and non-economic damages, including lost past pay and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. Her losses and damages are continuing and she will continue to suffer them in the future.

24. Defendant's violation of plaintiff's rights under Title VII was done knowingly and maliciously or recklessly, and constituted either intentional discrimination or reckless indifference to plaintiff's federally protected rights, which was sanctioned by higher management and therefore was contrary to any good faith efforts to prevent discrimination, thus entitling plaintiff to punitive damages to punish defendant and to deter similar conduct in the future.

25. Plaintiff has incurred and will incur attorneys' fees and costs in connection with the bringing of this action. Plaintiff, if she prevails, is entitled

to be awarded in addition to a judgment, the costs of the action, including a reasonable attorneys' fee.

26. Plaintiff has no adequate remedy at law for the violation of her federally protected rights.

WHEREFORE, plaintiff, Patricia Calderon, n/k/a Patricia Collver, prays for judgment against defendant, LFC Management Services, Inc., for backpay and benefits, reinstatement or front pay in lieu of reinstatement, damages, including punitive damages, an award of costs, including reasonable attorney's fees, and granting such other and further relief as may be just.

## Count III - Title VII - Termination

27. Plaintiff realleges the matters set forth in paragraphs 1 through 3, 4.a., 5.c, 6 through 8, 13 and 24 through 26 above.

28. Plaintiff was at all times qualified for the position that she held and was performing her duties satisfactorily. Additionally, plaintiff was qualified for other available positions in the company.

29. Defendant selected plaintiff to be terminated based on her gender. Particularly, management decided to downsize the company and get rid of some of its employees. The company, which historically had been hostile to women in management positions, wanted to keep a male, Tim Sprier, who was West Coast Operations Manager, but didn't have enough for him to do to justify his salary, so they fired plaintiff and gave Sprier plaintiff's food safety responsibilities, and eventually gave part of those responsibilities to Filindo

Colas, who previously handled food safety for The Thomas Colas Company. The remaining "safety" responsibilities were given to another male, William Diaz. The "risk" portion of plaintiff's job also was undertaken by a male, her boss, Toby Purse.

30. The actions of defendant violated plaintiff's rights under Title VII.

31. As the result of defendant's conduct as more particularly described in paragraph 29 above, plaintiff has suffered both economic and non-economic damages, including lost past pay and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. Her losses and damages are continuing and she will continue to suffer them in the future.

WHEREFORE, plaintiff, Patricia Calderon, n/k/a Patricia Collver, prays for judgment against defendant, LFC Management Services, Inc., for backpay and benefits, reinstatement or front pay in lieu of reinstatement, damages, including punitive damages, an award of costs, including reasonable attorney's fees, and granting such other and further relief as may be just.

### Count IV - ADEA - Termination

32. Plaintiff realleges the matters set forth in paragraphs 1 through 3, 4.b., 5.d, 6 through 8, 13 and 26 above.

33. Plaintiff was at all times qualified for the position that she held and was performing her duties satisfactorily. Additionally, plaintiff was qualified for other available positions in the company.

34. Defendant selected plaintiff to be terminated based on her age. Particularly, management decided to downsize the company and get rid of some of its employees. The company wanted to keep a younger employee, Tim Sprier, who was West Coast Operations Manager, but didn't have enough for him to do to justify his salary, so they fired plaintiff and gave Sprier plaintiff's food safety responsibilities, and eventually gave part of those responsibilities to a second younger employee, Filindo Colas, who previously handled food safety for The Thomas Colas Company. The remaining "safety" responsibilities were given to another younger employee, William Diaz. The "risk" portion of plaintiff's job also was undertaken by a younger employee, her boss, Toby Purse.

35. The actions of defendant violated plaintiff's rights under the ADEA.

36. Defendant's actions were willful.

37. As the result of defendant's conduct as more particularly described in paragraph 34 above, plaintiff has suffered lost wages and benefits in the past and will continue to suffer such losses in the future.

38. Plaintiff has incurred and will incur attorneys' fees and costs in connection with the bringing of this action. Plaintiff, if she prevails, is entitled to be awarded in addition to a judgment, the costs of the action, including a reasonable attorneys' fee.

WHEREFORE, plaintiff, Patricia Calderon, n/k/a Patricia Collver, prays for judgment against defendant, LFC Management Services, Inc., for backpay and

benefits, reinstatement or front pay in lieu of reinstatement, liquidated damages, an award of costs, including reasonable attorney's fees, and granting such other and further relief as may be just.

## Demand for Jury

Plaintiff demands trial by jury on all issues so triable.

Dated: September 21, 2010.

Respectfully Submitted,

KAREN COOLMAN AMLONG
Florida Bar Number 275565
kamlong@theamlongfirm.com
WILLIAM R. AMLONG
Florida Bar Number 470228
wramlong@theamlongfirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154
Telephone: (954) 462-1983

*Attorneys for Plaintiff*